UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAURA A. PLUMLEE, an individual, on behalf of herself and all other persons similarly situated,<br><br>Plaintiff,<br>v.<br><br>PFIZER, INC., a New York Corporation,<br><br>Defendant. | Case No.: 13-CV-00414-LHK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITVE PRETRIAL ORDER OF MAGISTRATE JUDGE |

Plaintiff Laura Plumlee ("Plaintiff") moves for relief from Magistrate Judge Grewal's December 20, 2013 Order Re: Discovery Disputes. *See* ECF No. 88 ("Discovery Order"); ECF No. 89 ("Mot."). Defendant Pfizer, Inc., ("Defendant" or "Pfizer") filed a response, ECF No. 98 ("Opp'n"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for decision without oral argument, and accordingly VACATES the hearing on this motion set for February 27, 2014, at 1:30 p.m. Having considered the submissions of the parties and the relevant law, the Court hereby DENIES Plaintiff's motion.

1

## I. PROCEDURAL HISTORY

Plaintiff sued Pfizer on January 30, 2013, alleging Pfizer violated several California consumer protection laws[1] by misrepresenting, affirmatively and by omission, Zoloft's efficacy as an antidepressant. Complaint, ECF No. 1. Defendant answered on February 22, 2013, ECF No. 7. On August 5, 2013, Defendant moved for judgment on the pleadings ("MJOP"), ECF No. 39. Plaintiff filed an opposition on December 9, 2013 ("MJOP Opp'n"), ECF No. 83, and Defendant replied on January 6, 2014 ("MJOP Reply"), ECF No. 92. The Court has granted Defendant's motion for judgment on the pleadings with leave to amend. ECF No. 105 ("MJOP Order").

Defendant sought discovery of Plaintiff's medical history, and when Plaintiff failed to respond, moved to compel production of her medical records and to compel responses to Defendant's interrogatories. *See* ECF Nos. 64, 75. For her part, Plaintiff moved for a protective order, claiming that her medical history is irrelevant to her misleading advertising claims, and that compelling its production would needlessly invade Plaintiff's privacy and potentially subject her to embarrassment. ECF No. 59. On December 20, 2013, Magistrate Judge Grewal denied Plaintiff's motion for a protective order and directed her to: (1) respond to Pfizer's interrogatories; and (2) produce her medical records, with the restriction that she need only produce records with respect to the time Plaintiff was taking Zoloft and for the two years prior to her first Zoloft purchase.[2] Discovery Order at 3. Magistrate Judge Grewal did not assess whether Plaintiff's medical records were privileged and whether she had waived any such privilege, but simply reasoned that, under the general "relevance" standard for whether information is discoverable, *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1987), the information requested by Defendant was "likely to lead to something which may relate to evidence admissible at trial." *Id*. at 2-3.

---

[1] Plaintiff has brought claims under: (1) the Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*; (2) California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.*; and (3) California's False Advertising Law ("FAL"), California Business and Professions Code §§ 17500, *et seq. See* Complaint ¶¶ 97–104, 105–119, 120–133, ECF No. 1.

[2] Specifically, Magistrate Judge Grewal ordered Plaintiff to supplement her response to Interrogatory No. 10 and to respond to Interrogatories 1–3 and Requests for Production 3, 6–9, and 16–18. Discovery Order at 5.

2

Case No.: 13-CV-00414-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

On December 27, 2013, Plaintiff brought the instant motion seeking: (1) relief from Magistrate Judge Grewal's order; or (2) if the Court finds Plaintiff has waived her privilege, that the scope of such a waiver be construed narrowly, or, alternatively, that Plaintiff be given leave to amend the Complaint to "remove any allegations about Zoloft's lack of actual efficacy to take the issue off the table." Mot. at 2. The Court ordered Pfizer to respond to Plaintiff's motion, which Pfizer did on January 24, 2014. *See* Opp'n.

## II.   STANDARD OF REVIEW

A district court may designate any non-dispositive pretrial matter to be determined by a magistrate judge, whose ruling on the matter will be modified or set aside only if "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a); *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). In reviewing for clear error, the district judge may not simply substitute his or her judgment for that of the magistrate judge. *See Grimes*, 951 F.2d at 241. Rather, a magistrate judge's non-dispositive ruling is clearly erroneous only when the district court is left with a "definite and firm conviction that a mistake has been committed." *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992); *see United States v. Abonce–Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) (noting that a magistrate judge's decisions with regard to discovery disputes and other non-dispositive matters are entitled to great deference). "[A]ny motion not listed [under § 636(b)(1)(A)], nor analogous to a motion listed in this category, falls within the non-dispositive group of matters which a magistrate may determine." *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (citations omitted).

## III.   DISCUSSION

The Federal Rules of Civil Procedure broadly authorize the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The standard for permissible discovery thus contains two key limitations: the matter must be both "relevant" and "nonprivileged." *See, e.g.*, *Dowell v. W.T. Griffin*, 275 F.R.D 613, 617 (S.D. Cal. Aug. 17, 2011). Plaintiff challenges the Discovery Order on the ground that Magistrate Judge Grewal erroneously assessed only whether the medical records were "relevant" under the Supreme Court's general

3

Case No.: 13-CV-00414-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

1  standard for "relevance" rather than evaluating whether Plaintiff had waived her privilege in the
2  medical records. Mot. at 1. Plaintiff claims she has not waived the privilege in her medical records.
3  *Id.* at 3. As explained below, the Court finds that Plaintiff's medical records are relevant and that
4  Plaintiff has waived her privilege. Accordingly, because Plaintiff's medical records are in fact
5  discoverable, the Court concludes that the Discovery Order is not clearly erroneous or contrary to
6  law and DENIES Plaintiff's motion.

   **A.   Privilege**

   The Court first addresses whether Plaintiff has waived privilege in her medical records and concludes that she has. Rule 26(b) explicitly excludes privileged matters from discovery. Thus, the first limitation on discovery is that the matter sought be nonprivileged. Fed. R. Civ. P. 26(b)(1). Under California law, Plaintiff's communications with her doctors and medical history are protected by the doctor-patient privilege.[3] *See* Cal. Evid. Code §§ 990, *et seq*. and §§ 1010, *et seq*. Accordingly, Defendant's ability to obtain discovery of Plaintiff's medical history in this case turns on whether Plaintiff waived her privilege. Plaintiff claims she has not waived this privilege, and Defendant contends she has. Mot. at 3; Opp'n at 1. The Court agrees with Defendant, as explained below.

   As Plaintiff correctly notes in her motion, a patient can waive her privilege if she puts her medical history and otherwise privileged communications at issue by filing suit and the information is "directly relevant" to the litigation. Mot. at 2 ("[A] patient waives privilege with regard to a specific medical condition when the treatment of that medical condition is directly relevant to disposition of the case.") (citing Cal. Evid. Code §§ 996, 1016 (patient-litigant exceptions to physician-patient and psychotherapist-patient privileges)); *see also Tylo v. Superior Court*, 55 Cal. App. 4th 1379, 1387 (1997) (by bringing suit plaintiff waives privilege as to information that is "*directly relevant* to the litigation").

---

[3] Because this is a diversity case, the Court applies California's law of privilege. *See* Fed. R. Evid. 501; *Star Editorial, Inc. v. Dist. Court*, 7 F.3d 856, 859 (9th Cir. 1993) (analyzing qualified reporter's privilege under California law).

4

Case No.: 13-CV-00414-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

As a preliminary matter, the Court notes that the parties disagree about whether Plaintiff's medical history is "directly relevant" to the case because they disagree about whether Zoloft's efficacy is directly at issue in this case. Defendant contends that it is, and that Plaintiff waived her privilege by bringing suit and putting Zoloft's efficacy and whether Zoloft worked for Plaintiff personally at issue. *See* Opp'n at 1 (citing cases which Defendant contends recognize "that the privilege to refuse to disclose medical information is waived where a plaintiff puts her condition at issue in a consumer class action seeking economic relief under the same statutes Plaintiff alleges here."). By contrast, Plaintiff asserts that her claims do not turn on the question of Zoloft's efficacy, and that she has not waived her privilege by bringing suit. *See* Mot. at 3 (arguing that the Court cannot find waiver "because whether Zoloft is actually effective in treating depression has no bearing on the success of Plaintiff's consumer claims. To prove her claims, Laura will only need to establish that Pfizer concealed material information from consumers and that the deceptive conduct caused an economic injury.").[4] The Court need not reach this question, however, because the Court finds that regardless of whether Plaintiff's claims will depend on an assessment of Zoloft's efficacy,[5] Plaintiff has nevertheless waived her privilege in the requested medical records and history. This is because the requested information is "directly relevant" to disposition of the case

---

[4] Neither party, however, cites any authority directly on point. Plaintiff cites no cases in support of her contention that whether or not Zoloft in fact worked for her or others is irrelevant to her claims under California consumer protection laws. *See* Mot. at 4-5. Likewise, the authorities cited by Defendant, Opp'n at 1, are not directly analogous to the instant case because, in contrast to this case, the plaintiffs in those cases explicitly alleged that the product at issue was ineffective or failed to work for plaintiffs themselves. *See Linares*, 2013 WL 5434570, at *3 (Glucosamine supplement plaintiff took "did not help improve joint mobility, rebuild cartilage or improve joint function as represented."); *Stanley*, 2011 WL 5569761, at *2 ("PCH is not effective and did not provide Plaintiff with the represented or advertised health and digestive benefits."); *Rikos*, 2013 WL 4714239, at *1 ("Plaintiffs' medical information is relevant to assessing whether an alternative medical explanation exists for the product's alleged failure to provide digestive health benefits.").

[5] The Discovery Order similarly did not reach whether Plaintiff has placed Zoloft's efficacy at issue, but simply noted that "[g]iven the number of times that the complaint disputes Zoloft's efficacy, and the narrow distinction Plumlee seeks to draw between misleading advertising regarding efficacy and efficacy itself, the court is not persuaded that nothing in Plumlee's medical history is likely to lead to something which may relate to evidence admissible at trial." Discovery Order at 3.

5

Case No.: 13-CV-00414-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

United States District Court

on two other grounds: (1) Plaintiff's own use of a delayed discovery theory to explain her delay in bringing suit against Pfizer beyond the expiration of the statutes of limitations for her claims; and (2) issues of class certification. The Court addresses each in turn below.

      First, Plaintiff has placed the information in her medical records directly at issue by relying on the delayed discovery rule to explain her delay in bringing suit against Pfizer after the expiration of the statute of limitations for her claims.[6] *See* MJOP Opp'n at 22 (arguing that "the statute of limitations does not begin to run until the plaintiff discovered or had notice of all facts which are essential to the cause of action") (internal quotations and citation omitted). To invoke the delayed discovery rule, Plaintiff must "specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *E–Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1319 (2007) (internal quotations and citation omitted); *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008) ("A plaintiff must affirmatively excuse his failure to discover the fraud . . . by showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry.") (quoting *Bedolla v. Logan & Frazer*, 52 Cal. App. 3d 118, 129 (1975)). Although the Court has already ruled that Plaintiff's Complaint failed to establish that the delayed discovery rule tolled the statutes of limitations for her various claims, and thus granted Defendant's motion for judgment on the pleadings on that basis, the Court granted Plaintiff leave to amend her Complaint to cure this deficiency. *See* MJOP Order at 16. Should she do so, Plaintiff will need to plead facts establishing delayed discovery, and Plaintiff's medical records are directly relevant to the questions of when and how Plaintiff learned of the facts giving rise to her claims, and to her inability to have made an earlier discovery despite

---

[6] Plaintiff's UCL claim is subject to a four-year statute of limitations, Cal. Bus. & Prof. Code § 17208, and her CLRA and FAL claims are both subject to three-year statutes of limitations. Cal Civ. Code § 1783 (CLRA); Cal. Code Civ. Proc. § 338(a) (FAL). Plaintiff brought suit four years and seven months after she last suffered the alleged economic injury of purchasing Zoloft or its generic equivalent in June 2008, *see* Complaint ¶ 70, the point at which, without the delayed discovery rule, Plaintiff's claims accrued and the statutes of limitations began to run. *See* MJOP Order at 12-13.

6

Case No.: 13-CV-00414-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

reasonable diligence. For example, Plaintiff's original Complaint alleges that she did not learn of Pfizer's alleged misrepresentations and omissions regarding Zoloft until "early 2012," when she discovered the various clinical trials and publications which she contends show Zoloft to be "no better than placebo," and which she argues Pfizer concealed from purchasers. Complaint ¶¶ 74, 44. If Plaintiff's doctors informed Plaintiff of these negative efficacy studies earlier, the delayed discovery rule may not be available to toll the statutes of limitations for Plaintiff's claims because she would have been on notice of Pfizer's alleged misrepresentations at that time, not 2012. Thus, the Court finds that Plaintiff's medical information is "directly relevant" to Plaintiff's assertion that the statutes of limitations for her claims were tolled by the delayed discovery rule.

Second, the Court finds that Plaintiff's medical history is directly relevant to class certification. For example, Defendant seeks "to determine if [Plaintiff] is a typical and adequate class representative." Opp'n at 2. According to Defendant, "the fact that she was prescribed Zoloft for three years when it allegedly was not working is extremely *atypical* and raises questions about Plaintiff and her providers, and on whom she was relying when she made her many purchases of Zoloft." *Id*. Additionally, Plaintiff defines her class as those who purchased Zoloft for depression, Complaint ¶¶ 76, 87, and Defendant argues that because "Zoloft is approved for multiple indications" and "other conditions can masquerade as depression," "Pfizer's experts need to review her records to determine if she is a member of the class." Opp'n at 2. Finally, Defendant contends that "[Plaintiff's] history will shed light on whether individual issues will predominate, such as what Plaintiff learned from her doctors and what drove her purchase decisions." *Id*. For instance, her medical records may provide evidence regarding Plaintiff's claim that she purchased Zoloft on the basis of Pfizer's allegedly deceptive advertisements, rather than because her doctor prescribed it. The Court is persuaded that Plaintiff's medical information is "directly relevant" to the litigation because such information will be necessary for Defendant to adequately address certain issues at the class certification stage.

7

Case No.: 13-CV-00414-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

Accordingly, because the requested information is "directly relevant" to disposition of this case, the Court holds that Plaintiff has waived her privilege in the medical records and information requested by Defendant.

### B.     Relevance

The Court now addresses the second key limitation on permissible discovery – that it be "relevant." Fed. R. Civ. P. 26(b)(1). Relevance is construed broadly to include "any matter that bears on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1987). Discoverable information need not be admissible at trial if the information nevertheless "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Magistrate Judge Grewal's Discovery Order evaluated the relevance of Plaintiff's medical records according to this general standard of "relevance," and found the information contained therein "likely to lead to something which may relate to evidence admissible at trial." Discovery Order at 3. As discussed above, Plaintiff's medical records do in fact "bear[] on any issue that is or may be in the case." *Sanders*, 437 U.S. at 351. The Court thus holds that Magistrate Judge Grewal's finding of relevance was not clearly erroneous.

### C.     The Discovery Order was Narrowly Tailored

The Court here addresses Plaintiff's argument that "if the Court finds Plaintiff has waived her privilege," the Court should find that the Discovery Order was not narrowly tailored because discovery should be limited to only "those records and communications that relate to Zoloft." Mot. at 4. The Court disagrees. The Discovery Order explicitly set certain restrictions on Defendant's access to Plaintiff's personal history "to prevent embarrassment, oppression, and harassment." Discovery Order at 3. The Discovery Order required Plaintiff to respond to Defendant's three interrogatories and seven requests for production[7] only "with respect to the time [Plaintiff] was taking Zoloft and the two years prior to her first Zoloft purchase." *Id.* at 3. Beyond these time

---

[7] Specifically, the Order required Plaintiff to supplement her response to Interrogatory No. 10 and to respond to Interrogatories 1–3 and Requests for Production 3, 6–9, and 16–18. Discovery Order at 5.

8

Case No.: 13-CV-00414-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

restrictions, the challenged interrogatories and requests for productions are themselves narrowly tailored to encompass only Plaintiff's medical records and information regarding either her experiences with Zoloft or related mental health conditions that might bear on such experiences.[8] The Court finds that the time restrictions imposed by Magistrate Judge Grewal on Defendant's already relatively narrow discovery requests sufficient to safeguard Plaintiff's privacy, and that ordering such discovery was not clear error.

## IV. CONCLUSION

Because Plaintiff's medical history is directly relevant both to her theory of delayed discovery and to issues of class certification, the Court finds Plaintiff has waived her privilege in the requested medical records, and such medical records are relevant. Accordingly, although the Discovery Order did not explicitly address the question of privilege, it nevertheless reached the right result by holding that Plaintiff must produce the requested records and respond to Defendant's interrogatories concerning her medical history. Accordingly, the Court finds that the Discovery Order is not clearly erroneous or contrary to law, and DENIES Plaintiff's motion for relief.[9]

**IT IS SO ORDERED.**

Dated: February 21, 2014

_____
LUCY H. KOH
United States District Judge

---

[8] Interrogatory No. 1 is illustrative: "List all treatments, medications, and other forms of therapy, that you have used to treat your depression or mental health issues including the dates each was performed, consumed, or attended." ECF No. 64, at 9. As limited by Magistrate Judge Grewal to the period during which Plaintiff took Zoloft and the two years prior, this request is sufficiently limited to Plaintiff's experiences with Zoloft, other antidepressants, or other treatments for depression that might bear on issues in this case.

[9] Plaintiff requests that "should the Court conclude that Laura has waived her privileges," she be given leave to "amend the Complaint to remove any allegations about Zoloft's lack of actual efficacy to take the issue off the table." Mot. at 2; *id.* at 5 ("if the Court determines that privilege has been waived because of references in the Complaint to Zoloft not being effective, Laura should be allowed to amend the Complaint to remove any such allegations in lieu of producing the records."). Because the Court does not hold that Plaintiff waived her privilege on the ground that Plaintiff has placed the efficacy of Zoloft at issue but finds waiver on other grounds, Plaintiff's request is DENIED as moot because such an amendment would not relieve her of the duty to disclose her medical history. *See generally* MJOP Order.