1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAURA A. PLUMLEE, | ) Case No. 5:13-cv-0414-LHK-PSG |
| | ) |
| Plaintiff, | ) **ORDER GRANTING-IN-PART** |
| | ) **DEENDANT PFIZER'S MOTION TO** |
| v. | ) **COMPEL AND DENYING** |
| | ) **PLAINTIFF PLUMLEE'S MOTION** |
| PFIZER, INC., | ) **FOR IN CAMERA REVIEW** |
| | ) |
| Defendant. | ) **(Re: Docket Nos. 153, 174)** |
| | ) |

Before the court in this putative consumer class action is Defendant Pfizer, Inc.'s motion to compel further production of documents and responses to interrogatories.[1] Plaintiff Laura A. Plumlee opposes,[2] and requests in camera review for the documents at issue.[3]  Pfizer opposes Plumlee's request for in camera review.[4]  The parties appeared for a hearing.[5]  After careful consideration, the court GRANTS Pfizer's motion, but only IN-PART as set out below.  The court DENIES Plumlee's motion for in camera review.

---

[1] *See* Docket No. 153-3.

[2] *See* Docket No. 163-3.

[3] *See* Docket No. 174.

[4] *See* Docket No. 181-4.

[5] *See* Docket No. 188.

# I.    BACKGROUND

In an order dated December 20, 2013, the court ordered Plumlee to produce medical records and interrogatory responses for the period of "the time she was taking Zoloft and the two years prior to her first Zoloft purchase."[6]  The court based its ruling on Plumlee's multiple challenges in her complaint to Zoloft's efficacy during that period, and explained that it would entertain another motion for an earlier period "if Pfizer can establish that additional discovery is warranted based on particular facts."[7]  As ordered, Plumlee provided Pfizer with medical records from 2003 to 2005, two years before she began taking Zoloft, and from 2005 to June 2008, the period during which Plumlee took Zoloft.[8]  Citing evidence in the production to date raising questions about Plumlee's adequacy to represent a class under Federal Rule of Civil Procedure 23(a) and its impact on Pfizer's right to due process, Pfizer now wants Plumlee to update her discovery responses to include the period since 2008—an additional six years.[9]

The specific interrogatories at issue are:

1.    **Interrogatory No. 1:** Identify all health care providers or other persons, including but not limited to physicians, nurses, therapists, counselors, social service workers, alternative medicine providers, and any others, who examined you, treated you, consulted you, or otherwise discussed depression, mental health issues or SSRIs with you at any time during your life, and list the dates each such provider performed such services.

---

[6] *See* Docket No. 88 at 3.  On February 21, 2014, Judge Koh affirmed the order.  *See* Docket No. 106 at 7, 9 (ruling the records were relevant to the timeliness of this action and the reasons Plumlee took Zoloft, and "narrowly tailored to encompass only Plaintiff's medical records and information regarding either her experiences with Zoloft or related mental health conditions that might bear on such experiences.").

[7] *See* Docket No. 88 at 3.

[8] *See* Docket No. 88 (requiring plaintiff to identify all of her medical providers and produce their records for "the time she was taking Zoloft and the two years prior to her first Zoloft purchase."); *see also* Docket No. 163-3 at 3.

[9] *See* Docket No. 153-3 at 4. *See also Hansberry v. Lee*, 311 U.S. 32, 43 (1940) (ensuring the adequacy of the class representative is necessary to "satisfy the requirements of due process and full faith and credit."); *Crawford v. Honig*, 37 F. 3d 485, 487 (9th Cir. 1994); *Matsushita Elec. Indus. Co., Ltd. V. Epstein*, 516 U.S. 367, 386 (1996).

2

2.   **Interrogatory No. 2:** List all treatments, medications, and other forms of therapy, that you have used to treat your depression or mental health issues including the dates each was performed, consumed, or attended.

3.   **Interrogatory No. 3:** List all medical conditions or mental health issues that you have had for the past 20 years.

Pfizer also wants an update as to the following eight document requests:

1.   **Request No. 3:** All health care provider records for Plaintiff for the past 20 years, including but not limited to, records and results, from medical or psychological tests Plaintiff has undergone relating to her depression or any related condition (including but not limited to major depressive disorder, obsessive-compulsive disorder, panic disorder, posttraumatic stress disorder, social anxiety disorder, or premenstrual dysphoric disorder).

2.   **Request No. 6:** All documents or records reflecting Plaintiff's purchase of Zoloft or any other antidepressant, including but not limited to receipts, and any documents provided to her with the prescription.

3.   **Request No. 7:** All prescriptions Plaintiff has ever received for any antidepressant, including but not limited to Zoloft.

4.   **Request No. 8:** All documents related to Plaintiff's purchase of non-prescription substances meant to treat her depression, mental health issues or related disorders condition (including but not limited to major depressive disorder, obsessive-compulsive disorder, panic disorder, posttraumatic stress disorder, social anxiety disorder, or premenstrual dysphoric disorder).

5.   **Request No. 9:** All documents evidencing Plaintiff's regimen and frequency of taking Zoloft or any other antidepressant for the past 20 years.

6.   **Request No. 16:** Documents sufficient to identify all of Plaintiff's health care providers, including but not limited to, physicians, nurses, therapists, counselors, social service workers, alternative medicine providers, and any others who have provided services related to any medical or psychological condition or mental health issue, for the past 20 years.

7.   **Request No. 17:** Documents sufficient to identify all non-MD personnel who have treated or counseled Plaintiff for mental health issues, depression or related conditions, including but not limited to major depressive disorder, obsessive-compulsive disorder, panic disorder, posttraumatic stress disorder, social anxiety disorder, or premenstrual dysphoric disorder for the past 20 years.

8.   **Request No. 18:** Documents sufficient to identify every prescription medication or non-prescription medication or other controlled substance, whether legal or illegal, or supplement that Plaintiff has taken for the past 20 years.

Case No. 5:13-cv-0414-LHK-PSG
ORDER GRANTING-IN-PART PFIZER'S MOTIONS TO COMPEL

## II.    LEGAL STANDARDS AND DISCUSSION

"Unless otherwise limited by court order," a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[10]  All discovery, however, "is subject to the limitations imposed by Rule 26(b)(2)(C)."[11]  These limitations include no unreasonably cumulative discovery, no discovery that can be obtained in a less burdensome manner, and no discovery where the burden outweighs its benefit.[12]  The "information sought" also must constitute "sufficient potential significance" justifying the burden of the discovery process.[13]

The class representative adequacy requirement is not demanding,[14] although the court needs to conduct a "rigorous analysis" to determine adequacy.[15]  The standard applied for adequacy in the Ninth Circuit is: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"[16]  The class representative is considered the fiduciary to the entire class.[17]  The class representative's duties include supervising counsel, controlling and

---

[10] Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (discovery encompasses "any matter that bears on or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case").

[11] *Id.*

[12] *See* Fed. R. Civ. P. 26(b)(2)(C)(i-ii).

[13] *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

[14] *See Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 611 (N.D. Cal. 2004), *amended in part on other grounds*, 2012 WL 3070863 (N.D. Cal. July 26, 2012) ("The threshold of knowledge required to qualify as a class representative is low . . . . Those courts that have found representatives inadequate have done so because the plaintiffs knew nothing about the case and completely relied on counsel to direct the litigation.").

[15] *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

[16] *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (citation omitted).

[17] *See 5 Moore's Fed. Practice*, § 23.25[2][a] (3d ed. 2014).

Case No. 5:13-cv-0414-LHK-PSG
ORDER GRANTING-IN-PART PFIZER'S MOTIONS TO COMPEL

directing prosecution of the action, and evaluating settlement opportunities.[18]   Ultimately a class

representative's adequacy is a question under the court's discretion.[19]

Ordinarily, mental health history is not relevant to a putative class representative's

adequacy.[20]   But certain cases present circumstances warranting some limited and narrowly

tailored discovery on the subject.[21]   This appears to be just such a case.   The discovery produced

thus far suggests Plumlee suffers from chronic mental health conditions that may persist to the

present day and that could impair her in adequately representing the class' interests.[22]   Because

Judge Koh needs to know whether Plumlee's condition has stayed the same, further deteriorated, or

improved, so that a fair assessment can be made of Plumlee's ability to represent a class, the

---

[18] *See* Docket No. 153-3 at 9. *See* Charles A Wright, Arthur R . Miller & Mary Kay Kane, *Federal Practice and Procedure* §1766 (2d ed. 1986) (discussing representatives' duties generally); *Welling v. Alexy*, 155 F.R.D. 654, 659 (N.D. Cal. 1994) (class representative must supervise counsel); *In re Cal. Micro Devices Sec. Litig.*, 168 F.R.D. 257, 268 (N.D. Cal. 1996) (class representative must monitor settlement negotiations.

[19] *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

[20] *See* Docket No. 163-3 at 9-10, 14; *Ingles v. City of New York*, Case No. 01-cv-8279-DC, 2003 WL 402565, at *1, *7 (S.D.N.Y. 2003) (ruling that class representative who was currently on psychiatric medication and had a "psychiatric condition" was an adequate class representative); *Hill v. Priority Fin. Servs., Inc.*, Case No. 98-cv-1319-SEB, 2000 WL 1876582, at *1 (S.D. Ind. 2000) (noting that even if the class representative were "currently undergoing treatment for mental illness," that would not disqualify him if it did not "affect his understanding of the case, his processing of information, or his ability to perform his duties as class representative"); *Casale v. Kelly*, 257 F.R.D. 396, 412 (S.D.N.Y. 2009) (rebuking as disrespectful an argument of inadequacy where class representative suffered from depression and paranoia).

[21] *See, e.g. Hill*, 2000 WL 1876582, at *1; *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 2009 Ark. 151, at *10 (Ark. 2009) (rejecting challenge to adequacy in part because "no medical reports were introduced indicating that [Plaintiff] may not be able to vigorously participate in the prosecution of a class action"); *Latona v. Carson Pirie Scott & Co.*, No. 96-2119, 1997 WL 109979 (N.D. Ill., Mar. 7, 1997); *Roundtree v. Cincinnati Bell, Inc.*, 90 F.R.D. 7 (S.D. Ohio 1979); *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1086 (6th Cir. 1996); *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007) (absent class members are entitled to repose trust and confidence in a class representative); *Krim v. pcOrder.com, Inc.*, 210 F.R.D. 58, 589 (W.D. Tex. 2002) (representative deemed inadequate because he was "an elderly gentleman battling illness," and could not "endure intense situations such as depositions for several hours in a row, and does not anticipate his health situation will significantly improve."

[22] *See* Docket No. 153-4, 5-7, 9-11, 12-17, I-M.

---

5

United States District Court
For the Northern District of California

burden of this production does not outweigh its benefit.[23]  While Plumlee's medical history is

privileged information, at the time she filed her complaint, she publicized various aspects of her

medical history.[24]  Any doubts that Plumlee thus waived her claims of privilege were resolved by

Judge Koh.[25]

All that said, the court still must answer the question of how much discovery is appropriate

on the issue in dispute.  Six more years worth of answers is plainly too much.  If the issue is

Plumlee's current capacity to serve, what counts are her current—or near current—records, not

those from over a half a decade ago.  Only the past six months of Plumlee's records and

interrogatory response related to Plumlee's mental health are necessary to evaluate Plumlee's

present adequacy as a putative class representative.  Pfizer also may depose Plumlee to determine

her ability to participate in and understand the fundamentals of the litigation,[26]  and may further

conduct a medical examination pursuant to Federal Rule of Civil Procedure 35.[27]

---

[23] Fed. R. Civ. P. 26(b)(2)(c); *see* Docket No. 163-3 at 2, 11-12.  *See e.g. Johnson v. Nyack Hosp.*, 169 F.R.D. 550, 562 (S.D.N.Y. 1996) (noting the court's power to limit discovery "may be employed where the burden is not measured in the time or expense required to respond to requested discovery, but lies instead in the adverse consequences of the disclosure of sensitive, albeit unprivileged, material"); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004) (extending "burden" to the public interest).

[24] Docket No. 166-3 at 1, ("she willingly let the horse out of the barn when she filed this lawsuit, garnering as much publicity as she could with a press release and Associated Press interview that was widely reported, including in *U.S.A Today*, where she talked freely about her life-long history of depression, criticism of Zoloft, and the breakdown that led to her hospitalization.  She also filed a public complaint under her real name  . . ." Further, she "has taken no steps to protect the confidentiality of her information in this litigation."). *See also* Docket No. 106 ("the Court holds that Plaintiff has waived her privilege in the medical records and information requested by Defendant.").

[25] *See* Docket No. 106.

[26] *See* Docket No. 163-3 at 11, 14; *see Moeller*, 220 F.R.D. at 611.

[27] Fed. R. Civ. P. 35.

Case No. 5:13-cv-0414-LHK-PSG
ORDER GRANTING-IN-PART PFIZER'S MOTIONS TO COMPEL

Finally, Plumlee's requested leave to submit additional records for in camera review to show their "dubious" relevance is DENIED.[28]  The exhibits submitted by Pfizer under seal were sufficient for such purposes.

### III.     CONCLUSION

Pfizer's motion to compel discovery of Plumlee's recent medical history is granted in-part, only as to the past six months.  This discovery shall be produced within 30 days.  Plumlee's motion for in camera review is denied.

**IT IS SO ORDERED.**

Dated: August 29, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[28] *See* Docket No. 174; *cf.* Docket No. 166-3 at 13.

7

Case No. 5:13-cv-0414-LHK-PSG
ORDER GRANTING-IN-PART PFIZER'S MOTIONS TO COMPEL